United States District Court
Southern District of Texas
**ENTERED**
April 24, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Criminal Case No. 6:22-CR-00086 |
| § | |
| MARCUS TYREE CLAY § | |

## MEMORANDUM OPINION AND ORDER

In the wake of the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, ____ U.S. ____, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022), federal courts across the Nation have seen a rise in challenges to the constitutionality of various "Felon in Possession" laws. This case is no different. On December 22, 2022, a federal grand jury returned a one-count indictment charging Defendant Marcus Tyree Clay with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Dkt. No. 1). Clay subsequently filed a Motion to Dismiss Indictment asserting that Section 922(g)(1) is unconstitutional in light of *Bruen*. (Dkt. No. 14). Clay requests that the Court declare Section 922(g)(1) unconstitutional and, as a result, dismiss his indictment for failure to state an offense. (*Id.* at 1–2). Having reviewed the Motion, the Response, the record and the applicable law, the Court **DENIES** the Motion.

**I.    DISCUSSION**

    **A.    CLAY'S CHALLENGE TO SECTION 922(g)(1)**

In his Motion to Dismiss, Clay argues "that his prosecution is now impermissible and that his indictment must be dismissed because of the recognition of rights embedded within the Second Amendment as recognized by *Bruen*." (*Id.* at 2). Clay argues that the

plain text of the Second Amendment allows felons to possess a firearm. (*Id.* at 4). More specifically, he argues that a "person's status" as a "previously convicted felon" is "not relevant to whether the Second Amendment protects [his] conduct[.]" (*Id.*). Clay also argues that the Government has not met its burden to show that the "Nation's history . . . supports firearm restrictions like [Section 922(g)(1)]." (*Id.* at 6–7). Clay argues that the Government must provide evidence from the time of the Second Amendment's adoption to show that the Nation has a history of these firearm restrictions. (*Id.*).

The Government responds that "[n]othing in the Supreme Court's decision in *Bruen* casts doubt on § 922(g)'s constitutionality." (Dkt. No. 16 at 1). The Government argues that the plain text of the Second Amendment does not cover Clay's conduct, and the scope of the Second Amendment is limited to law-abiding citizens using guns for lawful purposes. (*Id.* at 7–10). The Government also asserts that even if the text covers Clay's conduct, the statute nevertheless falls comfortably within longstanding regulations of dangerous people. *Id.* at 10–15.

### B. *BRUEN* FRAMEWORK APPLIED TO SECTION 922(g)(1)

The Second Amendment to the U.S. Constitution provides in part that: "[T]he right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. However, this right is not unlimited. Relevant here, Title 18, Section 922(g)(1) of the United States Code makes it unlawful for any person:

> who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive

> any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). In *Bruen*, the Supreme Court held that a restriction on firearm possession must square with "this Nation's historical tradition of firearm regulation," and it created a new test for courts to use in determining whether restrictions on a citizen's possession of a firearm are constitutional. *Bruen*, ____ U.S. at ____, 142 S.Ct. at 2126.

"[T]he United States has a long history of categorically restricting the possession or ownership of firearms, spanning from its colonial era through present day." *United States v. Mosley*, No. 4:23-CR-00041, 2023 WL 2777473, at *1, (N.D. Tex. Apr. 4, 2023) (citing Robert J. Spitzer, *Gun Law History in the United States and Second Amendment Rights*, 80 Law & Contemp. Probs. 55 (2017) (examining the history and development of U.S. gun laws and regulations by category)). And Section 922(g)(1) fits within this historical tradition. "Some estimates indicate that there were no fewer than eleven laws among the colonies—predating the ratification of the Constitution—regulating or prohibiting the possession of firearms by convicted felons, other 'criminals,' or non-citizens." *Id.* (citing Robert J. Spitzer, *Gun Law History in the United States and Second Amendment Rights*, 80 Law & Contemp. Probs. 55, 60 (2017)). Neither *Bruen* nor *Heller* altered this Nation's tradition of protecting the right to bear arms for "law-abiding" citizens. *See District of Columbia v. Heller*, 554 U.S. 570, 65–26, 128 S.Ct. 2783, 2816–17, 171 L.Ed.2d 637 (2008) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."); *Bruen*, ____ U.S. at ____, 142 S.Ct. at 2157 (Alito,

J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm . . . [n]or have we disturbed anything that we said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns.").

And the Fifth Circuit has previously held that restrictions prohibiting convicted felons from possessing firearms do not violate the Second Amendment. *United States v. Massey*, 849 F.3d 262, 265 (5th Cir. 2017); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010); *see also United States v. Everist*, 368 F.3d 517, 519 (5th Cir. 2004). Nothing in *Bruen* changed those holdings, which remain binding. This Court is "'not free to overturn' the Fifth Circuit's pre-*Bruen* decisions upholding Section 922(g)(1)." *United States v. Jordan*, No. EP-22-CR-01140, 2023 WL 157789, at *7 (W.D. Tex. Jan. 11, 2023) (quoting *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 789–90 (5th Cir. 2021)). The Court remains bound by this Circuit's precedent on Section 922(g)(1).

Additionally, the Court has reviewed cases that both pre- and post-date *Bruen* and finds that *Bruen* does not render Section 922(g)(1) unconstitutional. The Court need not address the merits of this issue at length, as other courts have already done so. *See, e.g., United States v. Paz Medina-Cantu*, No. 2:22-CR-00426 (S.D. Tex. Jan. 10, 2023) (Ramos, J.); *United States v. Hill*, No. 4:22-CR-00249, 2022 WL 17069855 (S.D. Tex. Nov. 17, 2022) (Hughes, J.). The Court finds the reasoning given in those two opinions (and the many cases cited therein) to be cogent, direct, and correct. Therefore, absent a contrary ruling by the Fifth Circuit, this Court denies Defendant's Motion.

The Court is aware of a recent Fifth Circuit decision holding that 18 U.S.C. § 922(g)(8)—which prohibits the possession of a firearm by the subject of a domestic

violence restraining order—is no longer constitutional under *Bruen*. *See United States v. Rahimi*, 61 F.4th 443, 461 (5th Cir. 2023). But *Rahimi* is legally distinguishable from this case because the statutory section in *Rahimi* and this case regulate different classes of people. In *Rahimi*, the Fifth Circuit reviewed the constitutionality of Section 922(g)(8), which prohibited firearm possession by a class of people subject to a court order who *had not been* convicted of a felony. *Id*. at 452 (observing that the defendant was only suspected of criminal conduct and "was not a convicted felon"). This case is different. This case implicates Section 922(g)(1), which regulates a class of individuals who *have been* convicted of a felony. So, this case poses a different question: whether it is constitutional to prohibit already convicted felons from possessing firearms. The Court holds that it is.

## II.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's Motion to Dismiss Indictment. (Dkt. No. 14).

It is SO ORDERED.

Signed on April 23, 2023.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**DREW B. TIPTON**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**